### THE SERAPIS.

LA SCALA *et al.* *v.* THE SERAPIS. LA SCALA *et al.* *v.* McINTYRE *et al.*

(*District Court, E. D. New York.* July 27, 1888.)

1. SHIPPING—CHARTER-PARTY—AGENT'S COMMISSION.
   Where a ship's charter provided that the steamer was to be consigned to charterer's agents at ports of loading, paying one commission of two and a half per cent. to charterer's order at the first loading port, and to be reported at the custom-house by the said agents on customary terms, *held,* the agents were not entitled to a commission at a port of discharge.

2. ADMIRALTY—PRACTICE—MOTION TO DISMISS LIBEL—HEARING—EVIDENCE.
   Where a motion to dismiss a libel is heard without objection, and the charter-party is presented to the court and commented on by counsel, no question being raised as to its terms, and is also referred to in the answers to the interrogatories, libelants are not entitled to have the question determined according to the allegations of the libel, irrespective of the provisions of the charter-party.

In Admiralty. Two libels filed by Diego La Scala and Filippo Modica, one against the steam-ship Serapis, her tackle, and the other against John J. McIntyre and others.

*Chas. Stewart Davison,* for libelants.

*E. B. Convers,* for claimants.

BENEDICT, J. The question so earnestly discussed on behalf of the libelants in these two cases, whether, where a charter of a ship contains a provision that the ship shall be addressed to a broker to be named by the charterer, such addressee can maintain an action in his own name against the ship or her owner to recover damages for the failure on the part of the ship-owner to comply with this clause in the charter, cannot

be decided in these cases, for the reason that the charter-party in this case contains no provision for the consignment of the ship at any port except the port of loading. The libelants' claim is for a failure to allow them to do the ship's inward business at the port of New York, which was a port of discharge and not of loading. The language of the charter is as follows:

"The steamer to be consigned to charterer's agents at ports of loading, paying one commission of two and a half per cent. to charterer's order at the first loading port, and to be reported at the custom-house by the said agents on customary terms."

This language imports no obligation on the part of the ship to the charterer's agent at the port of New York, because the port of New York was not a port of loading, but a port of discharge; and its import is too obvious to permit it to be varied by parol testimony.

As to the point made in behalf of the libelants that the charter is not before the court, it is sufficient to say that the present motion is a motion to dismiss the libels. The motions were heard without objection, and the charter-party was presented to the court and commented on by the counsel; no question being raised as to its terms. It is, moreover, referred to in the answers to the interrogatories. It is not now open to the libelants to demand that the question be determined according to the allegations of the libel, and not according to the written contract, on which the libelants' claim must rest.

There are some other causes of action set forth in the libels to which little importance seems to be attached. The principal question is the one already stated, and, as that cannot be raised under the charter-party in question here, the libels may as well be dismissed at this time. If, however, counsel desire an examination and decision upon the other causes of action, and will request such a decision, those questions will be examined and passed on, otherwise the motion to dismiss the libels will be granted.